IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FEDMET RESOURCES CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>        Defendant. | Court No. 21-248 |

**COMPLAINT**

Plaintiff, Fedmet Resources Corporation, by and through its counsel, hereby alleges and states as follows:

**SUMMARY AND NATURE OF THIS ACTION**

1.    Plaintiff contests (a) the December 3, 2020, affirmative final determination as to Enforce and Protect Act ("EAPA") evasion of antidumping and countervailing duties issued by U.S. Customs and Border Protection's ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED") in EAPA Case Number 7412 pursuant to 19 U.S.C. § 1517(c) ("Final Determination"); and (b) the April 13, 2021, decision pursuant to 19 U.S.C. § 1517(f) issued by CBP's Office of Regulations & Rulings ("OR&R") in administrative review HQ Case Number H316212 affirming TRLED's December 3, 2020, final determination ("Review Determination").

**JURISDICTION**

2.    The U.S. Court of International Trade has jurisdiction over this action pursuant to 19 U.S.C. § 1517(g)(1) and 28 U.S.C. § 1581(c).

**STANDING**

3.    Plaintiff is the importer of the magnesia alumina carbon brick subject to the Final

1

Determination, and was adversely affected or aggrieved by the finding as to evasion and its affirmation within the meaning of 5 U.S.C. § 702.

4. Plaintiff was a party to the investigation in EAPA Case Number 7412 and HQ Case Number H316212 pursuant to 19 C.F.R. § 165.1. Plaintiff participated in the investigation and administrative review by supplying questionnaire responses and by filing written argument.

5. Plaintiff may seek judicial review of both TRLED's Final Determination pursuant to 19 U.S.C. § 1517(c) and OR&R's administrative review pursuant to 19 U.S.C. § 1517(f).

6. As a party to the investigation that actively participated in the proceeding below, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1517(g)(1) and 28 U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

7. On April 13, 2021, OR&R completed its administrative review of the Final Determination pursuant to 19 U.S.C. § 1517(f).

8. The thirtieth business day after April 13, 2021 (excluding six Saturdays and six Sundays) falls on May 26, 2021.

9. Plaintiff files this Complaint and the accompanying Summons, Information Statement, and applicable filing fees on May 21, 2021.

10. Plaintiff thus timely commences this action not later than thirty business days after OR&R completed its review pursuant to 19 U.S.C. § 1517(g)(1).

## STATEMENT OF FACTS

11. In July 2009 Resco Products, Inc. ("Resco" or "Petitioner"), filed a petition that antidumping and countervailing duties be imposed on certain magnesia carbon bricks ("MCBs") from China. MCBs are a type refractory brick used in steelmaking to line the walls of steel

furnaces and ladles. The petition stated that it covered only MCBs and was not intended to seek the imposition of antidumping and countervailing duties on other types of refractory bricks, including magnesia alumina carbon bricks ("MAC bricks"):

> There are several types of standard refractory bricks in addition to magnesia carbon, the subject of this petition. Among the most important are fired magnesite, fired bauxite, magnesia dolomite and *magnesia aluminum carbon brick*. {sic} Each of these bricks possess certain unique properties, which make their use highly preferred, and even required, for certain uses in the lining of steel, ceramic, and other furnaces and holding vessels. The different types of bricks are not generally substitutable in a technical sense, due to varying chemical and physical properties and wear characteristics.

Certain Magnesia Carbon Bricks from the People's Republic of China and Mexico; Petition for the Imposition of Antidumping and Countervailing Duties Pursuant to the Tariff Act of 1930, As Amended, Case Nos. A-570-954 and C-570-955 (July 29, 2009) at 10 (emphasis added).

12.     Resco reaffirmed the exclusion of MAC bricks from the scope in multiple subsequent communications with the U.S. Department of Commerce ("Commerce") and the U.S. International Trade Commission ("ITC") over the course of those investigations. *See generally Fedmet Resources Corp. v. United St*ates, 755 F.3d 912, 914-16 (Fed. Cir. 2014). At the conclusion of the investigations, Commerce issued antidumping and countervailing duty orders on MCBs. *Certain Magnesia Carbon Bricks From Mexico and the People's Republic of China: Antidumping Duty Orders*, 75 Fed. Reg. 57,257 (Dep't Commerce Sept. 20, 2010); *Certain Magnesia Carbon Bricks from the People's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 57,442 (Dep't Commerce Sept. 21, 2010) (collectively, "Orders")

13.     Despite the express exclusion of MAC bricks from the petitions and the antidumping and countervailing duty investigations, the final scope language adopted in the Orders merely defined the subject merchandise as chemically-bonded refractory bricks composed of 70 percent or more magnesia and carbon (i.e., graphite), together with other

3

elements and additives.  *Id.*  MAC bricks, like subject MCBs, are also chemically bonded refractory bricks that often contain 70 percent or more magnesia, together with carbon.  MAC bricks, however, contain added alumina, while MCBs do not contain alumina.

14. Because the Orders did not reflect the petitioner's express exclusion of MAC bricks, in May of 2011, Fedmet requested a scope ruling at Commerce confirming that Fedmet's Bastion MAC bricks were outside the scope of the Orders.  Despite having excluded MAC bricks by name from its petition, Resco opposed Fedmet's scope ruling request, arguing that there was no such thing as a MAC brick, and claiming that Fedmet had "unilaterally created this so-called product and product name in order to specifically circumvent the scope of the orders."  Letter to Sec'y Commerce from Doyle, Barlow & Mazard PLLC, "Antidumping and Countervailing Duty Orders on Certain Magnesia Carbon Bricks from People's Republic of China and Antidumping Duty Order on Magnesia Carbon Bricks from Mexico: Request for Scope Ruling," (Aug. 31, 2011) at 3.

15. Following protracted litigation, the U.S. Court of Appeals for the Federal Circuit ("CAFC") held that Fedmet's Bastion MAC bricks were outside the scope of the MCB Orders.  In so holding, the Court of Appeals emphasized Resco's role in defining the orders to *expressly exclude* MAC bricks:

> To put it simply, the question before this Court was asked and answered during the underlying investigations. Resco had an opportunity to clarify whether MAC bricks were included within the scope of the investigations, and it confirmed that they were not. In doing so, Resco chose to rely on industry terminology to continue to define the subject merchandise and the domestic like product.

*Fedmet*, 755 F.3d at 920.

16. On June 18, 2015, Commerce issued an amended final scope ruling implementing the CAFC's decision by excluding Bastion MAC bricks from the scope of the Orders:

4

> Accordingly, the Department finds that Fedmet's Bastion® MACBs as defined in its Scope Request as containing "approximately 8 to 15 percent aluminum oxide (chemical formula $Al_2O_3$), more commonly known as alumina, 3 to 15 percent carbon, 75 to 90 percent magnesia, as well as smaller amounts of silicon dioxide, calcium oxide, iron oxide, {and} titanium dioxide," are not subject to the Orders. Further, as the Department stated in Fedmet's Final Scope Ruling, the "scope ruling is limited to Fedmet Bastion MAC bricks, and is not intended to address all bricks designated as MAC bricks, in particular because there is no apparent industry standard for defining a MAC brick based upon the record of this case.

Final Results of Redetermination Pursuant to Court Remand Magnesia Carbon Bricks from the People's Republic of China and Mexico, *Fedmet Resources Corporation v. United States*, Court No. 12-00215 (Feb. 23, 2015) ("Amended Final Scope Ruling") at 7.

17.     In June 2017, Commerce reaffirmed that, in accordance with the decision of the CAFC in *Fedmet*, all MAC bricks are outside the scope of the orders on MCBs from China. Memorandum to Gary Taverman, Deputy Assistant Secretary, Antidumping and Countervailing Duty Operations from Edward C. Yang, Senior Director, Antidumping and Countervailing Duty Operations, Office VII, "Certain Magnesia Carbon Bricks from the People's Republic of China and Mexico: Final Scope Ruling – S&S Refractories," on record of Cases A-201-837, A-570-954, and C-570-955 (June 7, 2017) ("S&S Refractories Scope Ruling"). Commerce found that certain MAC bricks imported from China by S&S Refractories, LLC were outside the scope of the Orders, provided they contained at least five percent added alumina when measured using the x-ray refraction ("XRD") testing methodology. *Id.*

18.     On November 27, 2019, an *ad hoc* entity calling itself the Magnesia Carbon Bricks Fair Trade Committee ("MCBFTC"), of which Resco is a member, filed an EAPA allegation claiming Fedmet had entered subject MCBs from China into the United States without paying antidumping and countervailing duties by falsely declaring them as excluded MAC bricks. MCBFTC EAPA Allegation at 4-6.

5

19. CBP subsequently initiated the EAPA investigation that is the subject of this action on January 30, 2020 after conducting lab tests of Fedmet's bricks from a warehouse in Ohio. *See* Memorandum from Kareen Campbell, International Trade Specialist, TRLED to Victoria Cho, Acting Director, Enforcement Operations Division, "Initiation of Investigation in EAPA Case Number 7412" (Jan. 30, 2020). Consistent with TRLED's practice, Fedmet received no notice of either the EAPA allegation or the initiation of an investigation for another three months. CBP issued a Customs Form 28 Request for Information from Fedmet concerning one entry, to which Fedmet fully and timely responded. CBP also secretly tested the bricks contained in this entry using an undisclosed method, finding that at least one brick from the shipment did not meet Fedmet's MAC brick product characteristics. *See* Notice of Initiation at 6-7.

20. On May 6, 2020, CBP notified Fedmet for the first time of the EAPA allegation and the initiation of the investigation, and imposed interim measures on Fedmet in accordance with 19 U.S.C. § 1517(e). *See* Letter to Fedmet Resources Corporation LLC and King & Spalding, LLP from Brian M. Hoxie, Director of Enforcement Operations, TRLED, CBP, "Notice of Initiation of Investigation and Interim Measures – EAPA Case 7412," (May 6, 2020) ("Notice of Initiation") at 3-4. The interim measures included the suspension of liquidation of Fedmet's entries retroactive to January 30, 2020, the requirement to follow "live entry" procedures for any future Fedmet entries, and the requirement that Fedmet post cash deposits or provide single entry bonds in the amount of the antidumping and countervailing duties applicable to entries of MCBs from China pursuant to Orders. *Id.*

21. TRLED's notice of initiation referenced chemical analysis of samples of Fedmet's MAC bricks performed by CBP, but did not disclose to Fedmet the results of that analysis, the

nature of the testing performed, or provide copies the underlying laboratory report. *Id.* A subsequent request for this information by Fedmet pursuant to the Freedom of Information Act was denied. *See* Letter from Amy Miller, Gov't Information Specialist, FOIA Division, Privacy and Diversity Office, CBP to Morris, Manning & Martin, LLP, "CBP-2020-053102" (June 17, 2020).

22. Following the Notice of Initiation, CBP issued a request for information ("RFI") to Fedmet, to which Fedmet timely responded. Fedmet's RFI response included documents that demonstrate the process by which Fedmet's merchandise are produced to specifications and document in inspection reports and photographs the quality control and testing that Fedmet conducts to guarantee the physical characteristics and composition of Fedmet's merchandise.

23. On June 2, 2020, CBP issued RFIs to certain U.S. customers. *See* Letter from CBP to End User 1, "EAPA Case Number 7412: Request for Information to the End User" (June 2, 2020); Letter from CBP to End User 2, "EAPA Case Number 7412: Request for Information to the End User" (June 2, 2020). At least one customer timely responded to the RFI, providing to CBP sales documentation from its transactions with Fedmet. *See* Initial Determination at 5-6, 8. CBP did not provide to Fedmet this customer's response or its public summary. CBP issued RFIs to Fedmet's foreign manufacturers on June 4, 2020 and the foreign manufacturers timely responded on July 24, 2020.

24. Fedmet also voluntarily submitted additional factual information, including the results of tests performed by an independent testing laboratory for five samples of Fedmet's Bastion MAC bricks. Four of these samples related directly to the import entries that were selected by CBP for examination in the RFI issued to Fedmet. The laboratory analysis confirmed that each of the tested samples consisted of more than eight percent alumina,

consistent with Commerce's final scope ruling for Fedmet's excluded Bastion MAC bricks, and matched closely with the inspection reports provided by Fedmet's suppliers in the normal course of business for the same transactions.

25.    In its voluntary submission, Fedmet explained that there can be normal variations in refractory brick testing and provided documentation confirming the testing methodology employed by the industry. Its explanation noted that small variations in the percentage of alumina and other chemicals from brick to brick, or even within samples drawn from the same brick, are normal and expected.

26.    Fedmet submitted written arguments on September 16, 2020. In its written arguments, Fedmet explained that the scope of the Orders excludes MAC bricks and demonstrated how the record confirms that the merchandise entered with CBP as Bastion MAC bricks meet the physical characteristics for exclusion from the Orders. Fedmet also demonstrated, using record evidence, that merchandise sold to the U.S. customers as "Pinnacle" brand bricks are not MCBs within the scope of the Orders.

27.    At no point in the investigation did CBP confer with Commerce to clarify the terms of Commerce's scope ruling on Fedmet's Bastion MAC bricks or seek guidance on the relevance of the brand name used by Fedmet in marketing MAC bricks to U.S. customers in determining whether merchandise was within the scope of the Orders.

28.    On December 3, 2020, based on much the same information relied upon in the Initiation, CBP determined that Fedmet entered misidentified Pinnacle brand MCBs as Bastion brand MAC bricks and therefore failed to pay antidumping and countervailing duties that applied to those products under the Orders. CBP again relied on lab tests conducted by CBP, the results of which were not disclosed to Fedmet, to conclude that some undisclosed number of tested

samples fell within the scope of the orders on MCBs from China.  Additionally, CBP concluded, based on its review of certain sales documentation, that Fedmet has "mislabeled" shipments of MCBs as MAC bricks in order to avoid paying cash deposits.

29. In light of CBP's reliance on its own chemical analysis of sample MAC bricks in its determination, Fedmet requested from CBP public summaries of the lab tests and other information on the administrative record belonging to Fedmet.  Again, CBP declined to provide Fedmet the requested information or its public summary.  *See* Email from Kareen Campbell, International Trade Specialist, EAPA Investigations Branch, EOD, TRLED, CBP to Morris, Manning & Martin, LLP, "EAPA Case No. 7412:  Fedmet Request for Release of Information" (Jan. 8, 2021).

30. Fedmet timely requested administrative review of the Final Determination as to evasion.  On April 13, 2021, OR&R found in its Review Determination that substantial evidence supported the Final Determination allegedly because the chemical composition of the MAC bricks that CBP tested placed them within the scope of the Orders.  Specifically, CBP concluded that the percentages for carbon, alumina, and magnesia levels fell outside the required chemical composition parameters to ensure that the MAC bricks were not subject to the Orders.  OR&R also determined that Fedmet's arguments regarding violations of its due process rights are outside the purview of its review and declined to address or even consider the arguments.

31. This appeal follows.

## STATEMENT OF CLAIMS

### Count One

32. Paragraphs 1 to 31 are incorporated by reference.

33. CBP failed to provide Fedmet an opportunity to review and comment on the

MCBFTC EAPA allegation against Fedmet before initiating an investigation and imposing interim measures. CBP accordingly failed to provide Fedmet the right to fully and actively participate in the proceedings before initiation of the investigations or before interim measures are imposed.

34. In reaching its determination of evasion, CBP relied extensively on the results of laboratory testing that it claims to have conducted on sample bricks obtained from Fedmet. But CBP declined to share with Fedmet necessary information regarding the lab tests that Fedmet required to meaningfully respond to MCBFTC's allegation and CBP's determination, despite Fedmet's multiple requests for such information.

35. CBP also relied on sales documentation obtained from one or more of Fedmet's U.S. Customers, but Fedmet was never served with, notified of, or provided with the public summary of, any customer's RFI response, in contravention of CBP's regulations. Fedmet thus had no opportunity to comment or respond to information provided by its customers.

36. CBP's failure to timely disclose, publicly summarize, or provide Fedmet a meaningful opportunity to respond to allegations and evidence used against it violates CBP's regulations and Fedmet's right to the Due Process pursuant to the Fifth Amendment to the U.S. Constitution. CBP's failure to timely disclose, publicly summarize, or provide Fedmet a meaningful opportunity to respond to allegations and evidence used against it also renders CBP's determinations inconsistent with the requirements of 19 U.S.C. § 1517(c) and (f), and arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law pursuant to 19 U.S.C. § 1517(g)(2) and 5 U.S.C. § 706.

## Count Two

37. Paragraphs 1 to 36 are incorporated by reference.

38. CBP's evasion determination inappropriately relied on brand names and product labeling in Fedmet's sales to its U.S. customers, despite the fact that Commerce and the Federal Circuit specifically disavowed the significance of these factors in defining what constitutes non-subject MAC bricks. Moreover, to the extent that CBP had concerns about the relevance of such factors in applying Commerce's scope determination on MAC bricks, CBP should have consulted Commerce to determine the bounds of the Orders with respect to Fedmet's MAC bricks.

39. The record of the investigation demonstrates extensive evidence that the chemical composition of the MAC bricks imported by Fedmet are MAC bricks that fall outside the scope of the MCBs orders. Thus, Fedmet's MAC bricks were appropriately entered as merchandise not subject to antidumping or countervailing duties, and covered merchandise did not enter the United States through evasion.

40. CBP's determinations that Fedmet evaded duties failed to comply with the procedures prescribed pursuant to 19 U.S.C. § 1517(c) and (f) and are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law pursuant to 19 U.S.C. § 1517(g)(2) and 5 U.S.C. § 706.

## **DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of plaintiff;

b. Hold and declare that CBP's administration of EAPA Case Number 7412 violated Fedmet's Fifth Amendment due process rights and was arbitrary, capricious, and abuse of discretion and otherwise not in accordance with law;

c. Hold and declare CBP's determination that Fedmet entered covered merchandise through evasion failed to comply with procedures proscribed by statute and was arbitrary, capricious, an abuse of discretion otherwise not in accordance with law; and

d. Direct CBP to terminate all interim measures imposed on Fedmet pursuant to EAPA Case Number 7412; and

e. Grant such other relief as the Court shall deem just and proper.

Respectfully submitted,

/s/ Donald B. Cameron
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer

MORRIS MANNING & MARTIN LLP
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005

*Counsel to Plaintiff Fedmet Resources Corporation*

Dated: May 21, 2021

14298145–1