UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| FEDMET RESOURCES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| UNITED STATES, | ) ) | Court No. 21-00248 |
| Defendant, | ) ) | |
| and | ) ) | |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

## <u>ORDER</u>

Upon review of defendant's motion for voluntary remand, and all other pertinent papers, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the December 3, 2020 determination and April 13, 2021 administrative review determination by U.S. Customs and

Border Protection (CBP) are remanded to CBP for further

consideration; and it is further

    ORDERED that the remand shall be completed and filed within

120 days of the date of this Order; and it is further

    ORDERED that the briefing under the current scheduling order is

suspended; and it is further

    ORDERED that the parties will propose a new briefing schedule

within ten days of the filing of the remand determination; and it is

further

    ORDERED that this Court shall retain jurisdiction over this

action during the period of remand.


Dated: _____
       New York, NY                 JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| FEDMET RESOURCES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| UNITED STATES, | ) ) | Court No. 21-00248 |
| Defendant, | ) ) | |
| and | ) ) | |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

## DEFENDANT'S MOTION FOR VOLUNTARY REMAND AND TO SUSPEND THE CURRENT BRIEFING SCHEDULE

Pursuant to Rule 7 of the Rules of the Court, defendant, the United States, respectfully requests that the Court remand the December 3, 2020 determination of evasion and April 13, 2021 administrative review determination by U.S. Customs and Border Protection (CBP), which resulted from the investigation and subsequent

*de novo* administrative review conducted pursuant to the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517.

Counsel for the Government has conferred with counsel for plaintiff, Fedmet Resources Corporation (Fedmet), who stated that Fedmet consents to this motion. Counsel for the Government has also conferred with counsel for Defendant Intervenor Magnesia Fair Trade Carbon Bricks Committee, who stated that, although they are not opposed to the voluntary remand, they believe the remand order should be modified to provide that the June 24, 2021 judicial protective order applies during the remand proceeding and that authorized counsel have access to confidential information during the remand proceeding. In particular, Counsel for Defendant Intervenor Magnesia Fair Trade Carbon Bricks Committee proposes that the order include the following additional language: "ORDERED that any new information placed onto the record during the remand proceeding shall be subject to the terms of the June 24, 2021 Judicial Protective Order (JPO); and it is further ORDERED that during the remand proceedings all filings and record entries containing confidential information be served on authorized counsel for the private litigants subject to the terms of the JPO." The

Government objects to the inclusion of this additional language because the JPO cannot govern the agency's administrative proceedings conducted on remand.  The JPO does apply to judicial proceedings that will resume after the agency issues its remand redetermination and the Court undertakes judicial review of that redetermination.

Remand would allow CBP to consider several issues raised in Fedmet's motion for judgment on the administrative record such as its scope-related arguments (Pl. MJAR at 41-64) and its due process arguments to the extent these arguments are not obviated by the remand (*id.* at 31-40).  Remand would also allow CBP to review the administrative record and provide public versions, as appropriate, of certain confidential documents discussed in Fedmet's motion for judgment on the administrative record, and provide Fedmet with an opportunity to provide rebuttal information as to those documents, as well as any written arguments relevant to the remand record.  *See id.* at 31-40.

These steps will enable the administrative record to be as complete as possible for purposes of informing the parties' presentations before CBP and the remand determination.  As demonstrated below,

our request for a voluntary remand for reconsideration is substantial and legitimate, conserves judicial resources, and fosters the just and efficient resolution of this matter.  *See* USCIT R. 1.

## BACKGROUND

On January 30, 2020, CBP initiated a formal EAPA investigation regarding whether Fedmet evaded antidumping duty (AD) order A-570-954 and countervailing duty (CVD) order C-570-955 on certain magnesia carbon bricks (MCBs) from the People's Republic of China (the AD/CVD orders) with its entries of merchandise into the United States.  *See* Public Admin. Rec. Doc. No. 7.

On December 3, 2020, TRLED rendered its determination of evasion.  *See* Public Admin. Rec. Doc. No. 103.  TRLED determined that substantial evidence demonstrated that Fedmet imported into the United States Chinese MCBs subject to the AD/CVD orders, and represented that the imported merchandise was actually a product of a different chemical composition and, thus, not subject to the orders.  *Id.*

On April 13, 2021, following a *de novo* administrative review, R&R affirmed TRLED's finding of evasion.  *See* Public Admin. Rec. Doc. No. 115.

This lawsuit followed.

## ARGUMENT

## I.  Standard Of Review

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  "{I}f the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id.* at 1029.  An agency's concerns are substantial and legitimate when "(1) {it} supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013) (citation omitted); *see also SKF*, 254 F.3d at 1029-30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying

5

voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action").

## II.   <u>Remand Is Warranted</u>

Our request for a voluntary remand for reconsideration is substantial and legitimate.  Remand would allow CBP to consider several issues raised in Fedmet's motion for judgment on the administrative record challenging CBP's finding that Fedmet's bricks are subject to the AD/CVD orders.  In particular, remand would allow CBP to consider Fedmet's arguments related to the scope of the AD/CVD orders at issue and the chemical composition of its products (Pl. MJAR at 41-64), and to consider Fedmet's due process arguments to the extent those arguments are not obviated by the remand (*id.* at 31-40).

Furthermore, in its motion for judgment on the administrative record, Fedmet raised issues regarding CBP's failure to make available certain documents.  *See* Pl. MJAR at 31-40.  Remand will allow CBP to provide the parties with an opportunity to provide rebuttal evidence and comment on any information not previously provided.  The remand proceeding will also allow CBP to review its evasion determination in

light of any new information that the parties may place on the record in response to the public versions of confidential documents.

Should the Court grant our request for a voluntary remand, within 120 days of the order granting our motion: (1) CBP will address Fedmet's arguments related to the scope of the AD/CVD orders at issue and the chemical composition of its products; (2) CBP will address Fedmet's due process arguments to the extent Fedmet continues to advance these arguments; (3) the parties will have an opportunity to submit rebuttal evidence and arguments to TRLED based on the public versions of confidential documents; and (4) TRLED will render a decision analyzing whether the new record information that results from the foregoing steps impacts its determination of evasion.

Given the nature of our request for a remand, we also respectfully request that the current briefing schedule be suspended, and that the parties be permitted to propose a new briefing schedule within ten (10) days of the filing of the remand determination. Fedmet will not be unduly prejudiced by the voluntary remand. Accordingly, our request for a voluntary remand for reconsideration is substantial and legitimate and should be granted.

For these reasons, we respectfully request that the Court grant our motion.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney
General

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Director

OF COUNSEL:

s/ Antonia R. Soares

TAMARI J. LAGVILAVA          ANTONIA R. SOARES
JENNIFER L. PETELLE          Senior Trial Counsel
Attorneys                    U.S. Department of Justice
U.S. Customs and Border      Civil Division
Protection                   Commercial Litigation Branch
Office of the Chief Counsel  P.O. Box 480
                             Ben Franklin Station
                             Washington D.C. 20044
                             Telephone: (202) 305-7405
                             Antonia.Soares@usdoj.gov

January 6, 2022              Attorneys for Defendant