# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| FEDMET RESOURCES CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES, ) ) Defendant, ) ) MAGNESIA CARBON BRICKS ) FAIR TRADE COMMITTEE, ) ) Defendant-Intervenor. ) | Court No. 21-00248 |

## **ORDER**

Upon consideration of the Defendant's Motion to Stay Proceedings and Plaintiff's response thereto, it is hereby

**ORDERED** that the Motion to Stay Proceedings filed by Defendant is denied; it is further

**ORDERED** that Defendant shall file the remand determination no later than 21 days after the date of this order; and it is further

**ORDERED** that Defendant shall file the administrative record no later than 14 days after filing the remand determination; and it is further

**ORDERED** that the parties will propose a new briefing schedule within 14 days of the filing of the remand determination; and it is further

**ORDERED** that the provisions of the order (ECF No. 13) respecting document formatting and joint appendix preparation entered on June 10, 2021 will continue to apply to all post-remand filings with the exception of the remand determination and the administrative record; and it is further

**ORDERED** that the provisions of the protective order (ECF No. 17) entered on June 24, 2021 will apply to the post-remand proceedings; and it is further

**ORDERED** that the court retains jurisdiction over this action during the remand period.

Dated: _____, 2022          _____
      New York, NY                                              M. Miller Baker, Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| FEDMET RESOURCES CORPORATION, | **NON-CONFIDENTIAL** |
| Plaintiff, | Proprietary Information |
| v. | Removed from Page 7 |
| UNITED STATES, |  |
| Defendant, |  |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | Court No. 21-00248 |
| Defendant-Intervenor. |  |

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY

Plaintiff Fedmet Resources Corporation submits this response in opposition to the April 27, 2022 motion of Defendant, the United States, to stay this action. For the reasons set forth below, Fedmet requests that the Court deny Defendant's motion for stay and direct that Defendant submit the remand determination of U.S. Customs and Border Protection ("CBP") not later than 21 days after entry of the Court's order denying the motion for stay.

On January 6, 2022, the Court granted Defendant's motion for a voluntary remand in this action. *See* Defendant's Remand Motion, ECF No. 37. Defendant

1

requested the remand so that CBP could consider "several issues" raised in Fedmet's motion for judgment on the administrative record, including, among others, Fedmet's "scope-related arguments." *Id.* at 3. The Court granted the government's request and directed that CBP's remand results be filed with the Court within 120 days after entry of the remand order. Remand Order, ECF No. 38 at 2. Rather than submitting a determination on remand as directed by the Court, Defendant now moves for a stay of this action to allow CBP to delay its remand determination for a covered merchandise referral to the U.S. Department of Commerce ("Commerce") pursuant to 19 U.S.C. § 1517(b)(4)(A). Defendant's Motion to Stay, ECF No. 39 at 7-8. Defendant's motion, which in substance amounts to a request for an extension of between 200 and 350 days of the current due date for CBP's remand results, should be denied.

Defendant argues that staying this action would "promote judicial economy, conserve judicial resources, and potentially narrow the scope of this case." *Id.* at 6. However, Defendant's argument ignores the procedural and factual background of this case as well as that of the previous Commerce scope determination concerning the very product at issue in this case, which was the subject of a controlling decision by the U.S. Court of Appeals for the Federal Circuit.

Defendant's request for a stay would prejudice Fedmet, which has been effectively barred from importing the merchandise at issue in this action for more

than two years. Defendant's motion also fails to offer any explanation as to why a covered merchandise referral to Commerce is appropriate. As explained at length in Fedmet's motion for judgment on the agency record, the U.S. Court of Appeals for the Federal Circuit has *already* held that magnesia alumina carbon ("MAC") bricks were expressly excluded from the AD and CVD orders on Magnesia Carbon Bricks ("MCBs") from China, and that Fedmet's Bastion MAC bricks therefore are outside the scope of those orders.

I.  Staying This Action Would Prejudice Fedmet

Contrary to Defendant's assertion that "{n}o party will be prejudiced by a stay," a further delay in hearing Fedmet's appeal of the EAPA determination will result in significant prejudice to Fedmet. Since CBP's Trade Remedy Law Enforcement Directorate ("TRLED") imposed interim measures on May 6, 2020, Fedmet has been effectively barred from importing MAC bricks into the United States. The combined AD and CVD cash deposit rate on subject MCBs from China is in excess of 260 percent *ad valorem*,[1] making it commercially impossible for Fedmet to import MAC bricks from China into the United States during the pendency of the EAPA proceeding and this appeal. The inability to import one of

---

[1] *Certain Magnesia Carbon Bricks From Mexico and the People's Republic of China: Antidumping Duty Order*, 75 Fed. Reg. 57,257 (Sept. 20, 2010); *Certain Magnesia Carbon Bricks From the People's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 57,442 (Sept. 20, 2010) (hereinafter "the Orders").

3

its most important products has caused, and continues to cause, significant damage to Fedmet's business in the form of lost revenues and lost business opportunities. Defendant's motion nevertheless seeks a further delay of between 200 and 350 days in hearing Fedmet's appeal.

Under the applicable regulations, upon receiving a covered merchandise referral from CBP in an EAPA proceeding, Commerce has 20 days to initiate a covered merchandise inquiry. 19 C.F.R. § 351.227(b). Thereafter, as Defendant indicates in its motion, Commerce is to issue a final determination within 120 days after publication of the initiation notice. *See* Defendant's Motion to Stay, ECF No. 39 at 6 (quoting 19 C.F.R. § 351.227(c)(1)). Not mentioned by Defendant is that Commerce has the discretion to extend that 120-day deadline by a further 150 days if it determines that "good cause" exists to do so. 19 C.F.R. § 351.227(c)(2). Defendant further requests that the Court grant CBP an additional 60 days after CBP receives Commerce's covered merchandise determination to file its remand determination. Defendant's Motion to Stay, ECF No. 39 at 7. Defendant thus is requesting an extension of between 200 and 350 additional days for CBP to issue its remand determination in this action, on top of the 120 days already provided by the Court in its remand order.

By requesting a voluntary remand, CBP has already effectively conceded that its original evasion determination cannot be sustained and must be

4

reconsidered. Defendant has made no showing, however, as to why CBP requires a total of between 320 and 470 days to reach a determination on remand that it believes can be sustained by this Court. The statute authorizes CBP to make covered merchandise referrals to Commerce where appropriate in the course of an EAPA investigation. The purpose of that provision is to assist CBP in making a lawful determination of whether evasion has occurred, not to provide CBP with an avenue for extending the enforcement of an affirmative evasion determination that it finds itself unable to defend on appeal. Fedmet has already been barred from importing its MAC bricks into the United States — despite a decision of the Court of Appeals for the Federal Circuit that its MAC bricks are not subject to the Orders — for more than two years. Further delay in resolving this action is thus highly prejudicial to Fedmet.

II.    <u>A Referral to Commerce Is Not Necessary or Appropriate</u>

Defendant's motion offers only the vaguest and most conclusory explanation for CBP's request to make a covered merchandise referral. Defendant merely avers that CBP has made "significant progress" in its remand determination but has determined that it "must exercise its authority" to make a covered merchandise referral to Commerce because it is "unable to determine whether the bricks it tested are covered merchandise." Defendant's Motion to Stay, ECF No. 39 at 4. Nowhere does Defendant explain why CBP believes that a covered merchandise referral is

5

necessary. More importantly, CBP wholly fails to explain why this need for a referral to Commerce was not apparent to CBP during the original EAPA proceeding or at the time of its previous motion for voluntary remand. The CBP laboratory test results at issue have not changed.

CBP's belated assertion that a referral is appropriate is not credible in view of the fact that Commerce has *already* issued a scope determination for this very product — Fedmet Bastion MAC bricks — and found them to be outside the scope of the MCB orders. As discussed at length in Fedmet's motion for judgment on the agency record, Fedmet's Rule 56.2 Brief, ECF No. 32 at 7-14, Fedmet first requested a scope ruling concerning the question of whether its MAC bricks qualified as MCBs from China eleven years ago. Following years of litigation, the U.S. Court of Appeals for the Federal Circuit ruled that MAC bricks are outside the scope of the MCB AD/CVD orders. In so holding, the CAFC emphasized that MAC bricks had been expressly excluded from the investigation and orders based upon the established industry terminology that distinguished MAC bricks from MCBs based on the addition of alumina.[2]

Consistent with the Federal Circuit's holding, Commerce's June 2015 amended final scope ruling implemented the Court of Appeals order by excluding

---

[2] *Fedmet Resources Corp. v. United States*, 755 F.3d 912, 920-21 (Fed Cir. 2014).

6

Bastion MAC bricks, defined as resin-bonded refractory bricks that met the chemical specifications set out in Fedmet's scope ruling request, from the scope of the AD/CVD orders:

> Accordingly, the Department finds that Fedmet's Bastion® MACBs as defined in its Scope Request as containing "approximately 8 to 15 percent aluminum oxide (chemical formula Al2O3), more commonly known as alumina, 3 to 15 percent carbon, 75 to 90 percent magnesia, as well as smaller amounts of silicon dioxide, calcium oxide, iron oxide, {and} titanium dioxide," are not subject to the Orders. Further, as the Department stated in Fedmet's Final Scope Ruling, the "scope ruling is limited to Fedmet Bastion MAC bricks, and is not intended to address all bricks designated as MAC bricks, in particular because there is no apparent industry standard for defining a MAC brick based upon the record of this case."

Appx31831. Although Commerce repeated the complete description of Bastion MAC bricks set forth in Fedmet's original scope ruling request, the critical parameter is the alumina content, as it is alumina that distinguishes a MAC brick from an MCB. In a subsequent scope ruling involving another importer, Commerce further clarified that a brick may qualify as an excluded MAC brick if the alumina content is five percent or more, provided a specific testing methodology is used. Appx31842.

In view of this history, CBP's assertion that a further referral to Commerce is needed is puzzling. Certainly, nothing in Defendant's motion explains why, given the results of CBP's laboratory testing — which showed that **[          ]** samples contained alumina content classifying them as MAC bricks under

7

Commerce's scope rulings — are not sufficient for CBP to determine that Fedmet has not engaged in evasion. Fedmet's Rule 56.2 Brief, ECF No. 32 at 59-64.

Defendant's motion does not explain with any particularity why CBP "is unable to determine whether the bricks it tested are covered merchandise." Nor does CBP explain why Commerce's input is needed for CBP to evaluate the result of CBP's own testing of Fedmet's MAC bricks, conducted at CBP's labs. Instead, the motion in its entirety is just a recitation of the procedural history of the EAPA proceeding, appeal, and remand, as well as formulaic recitation of the requirements for a stay and the authority for covered merchandise referrals. Defendant cites in particular to the Supreme Court's holding in *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), which directs Courts to "weigh competing interests and maintain an even balance." Defendant's Motion to Stay, ECF No. 39 at 6. By failing to explain in any detail why CBP is unable to determine whether Fedmet's MAC bricks are covered merchandise, Defendant has failed to provide the Court with support for its asserted interest in indefinitely staying this action. Moreover, Defendant has failed to support its claim that the requested stay and referral to Commerce would "narrow the scope of this case."

When Defendant's conclusory and unsupported interest in further delay is weighed against Fedmet's interest in a timely resolution of this case, Fedmet submits that the balance tips strongly in favor of denying the motion for stay.

As Fedmet explained in its Rule 56.2 brief, the interim measures TRLED imposed onto Fedmet on May 6, 2020 effectively put Fedmet out of the U.S. MAC brick market. Fedmet's Rule 56.2 Brief, ECF No. 32 at 32-33. Not only were these measures imposed without notice and the opportunity to comment, contrary to Fedmet's right to due process, but there was never any factual basis for their imposition. The sole lab test relied upon to impose interim measures did not even test for alumina, the ingredient that distinguishes MAC bricks from subject merchandise. Instead, the CBP lab provided only "approximate percentages" of alumina extrapolated from its measurements of magnesia and carbon, and informed TRLED that "the actual maximums for aluminum {sic.} may be a little higher." Appx01470. Yet on this basis, TRLED acted to bar Fedmet from importing a product specifically found by the Federal Circuit to be excluded from the Orders.

TRLED has waited more than two years to admit it is "is unable to determine whether the bricks it tested are covered merchandise." *See* Defendant's Motion to Stay, ECF No. 39 at 6. Rather than confessing error and acknowledging that the investigative record it compiled fails to establish evasion of the Orders by Fedmet, CBP now asks for a stay so it can make a referral to Commerce. In view of the previous decision by the Federal Circuit that Fedmet's Bastion MAC bricks are excluded from the scope of the Orders, a referral to Commerce would be a futile exercise. Commerce can do no more than reiterate its previous scope ruling

9

implementing the Federal Circuit's decision, which is already a part of the record before TRLED. Appx31803-Appx31819.

## VII. CONCLUSION

For the foregoing reasons we respectfully request that this Court deny Defendant's Motion to Stay and direct CBP to transmit the results of its remand determination within 21 days of the Court's denial of the motion.

Respectfully submitted,

/s/ R. Will Planert
R. Will Planert
Donald B. Cameron
Julie C. Mendoza
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

MORRIS, MANNING & MARTIN LLP
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 408-5153

*Counsel for Fedmet Resources Corporation*

May 18, 2022