UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| FEDMET RESOURCES CORPORATION, ) ) ) ) Plaintiff, ) ) v. ) ) ) UNITED STATES, ) ) Defendant, ) ) and ) ) MAGNESIA CARBON BRICKS ) FAIR TRADE COMMITTEE, ) ) Defendant-Intervenor. ) ) | Court No. 21-00248 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY

Pursuant to the Court's May 20, 2022 order, defendant, the United States, respectfully submits this reply to address the arguments raised by plaintiff, Fedmet Resources Corporation, in its opposition to our motion to stay these proceedings. We seek the stay to permit U.S. Customs and Border Protection (CBP), during the pending remand

proceedings, to seek a covered merchandise referral from the Department of Commerce pursuant to 19 U.S.C. § 1517(b)(4)(A) of the Enforce and Protect Act (EAPA).  As demonstrated below, Fedmet's arguments lack merit.

First, Fedmet contends that a covered merchandise referral would be a "futile exercise" because, in *Fedmet Resources Corp. v. United States*, 755 F.3d 912, 920-21 (Fed Cir. 2014), the United States Court of Appeals for the Federal Circuit has already held that Fedmet's Bastion magnesia alumina carbon (MAC) bricks were expressly excluded from the antidumping (AD) and countervailing duty (CVD) orders on Magnesia Carbon Bricks (MCBs) from China, and that, as a result, Fedmet's MAC bricks fall outside the scope of those orders.  Pl. Br. at 2, 3, 5, 6-7, 9-10.  Fedmet is wrong.  The Federal Circuit's 2014 decision has no bearing on the issue pending before the Court:  whether Fedmet violated EAPA by importing merchandise into the United States since January 2019 that is subject to the AD and CVD orders.  CBP has determined to exercise its authority under the EAPA statute to make a covered merchandise referral to confirm that the bricks that Fedmet has imported into the United States are *not* Fedmet's Bastion MAC

bricks, but rather other types of bricks that fall within the scope of the AD and CVD orders.  *See* Public Admin. Rec. Doc. No. 103 (CBP evasion determination); Public Admin. Rec. Doc. No. 115 (de novo administrative review affirming evasion determination).  If the remand redetermination results in another affirmative determination of evasion, then the Federal Circuit's decision in *Fedmet* regarding different merchandise would be inapposite.

On remand, taking into consideration the arguments that Fedmet raised in its Rule 56.2 Motion for Judgment on the Agency Record, CBP engaged in an additional review of the laboratory testing results to confirm that Fedmet's imported bricks are in fact bricks that do not fall within the scope of the AD and CVD orders.  Further, CBP reviewed the additional written arguments submitted by the parties during the remand proceeding, which raised the issue of whether testing methodologies employed by CBP correctly identified the chemical composition of the bricks for purposes of determining whether the bricks are subject to the scope.  CBP has determined that it cannot resolve the issue, but requires a referral to Commerce under 19 U.S.C. § 1517(b)(4)(A) for a determination.  *See* 19 U.S.C. § 1517(b)(4)(A)

(requiring CBP to make a covered merchandise referral to Commerce when it is "unable to determine whether the merchandise at issue is covered merchandise"). Thus, the Federal Circuit's *Fedmet* decision does not resolve the issues pending before the Court under EAPA.

Second, Fedmet contends that we have failed to explain why a covered merchandise referral to Commerce is appropriate or how it would "narrow the scope of this case." Pl. Br. at 3, 5-6, 7-8. But we did explain why the referral was appropriate. Specifically, we explained that, "{d}uring the pending remand proceedings, CBP has determined that a covered merchandise referral to Commerce is necessary because CBP is unable to determine whether the subject merchandise falls within the relevant antidumping and countervailing duty orders." Def. Stay Mot. at 2. We further explained that the EAPA statute requires CBP to seek a covered merchandise determination from Commerce when it "is unable to determine whether the merchandise at issue is covered merchandise{.}" *Id.* (quoting 19 U.S.C. § 1517(b)(4)(A)); *see also id.* at 4. The statute does not impose a limitation as to when CBP may request such a determination from Commerce. 19 U.S.C. § 1517(b)(4)(A). Thus, given the issues raised by the parties during the

4

remand proceeding, CBP is appropriately exercising its authority to seek a covered merchandise referral to assist the agency in finalizing its remand determination.

Further, the stay would narrow the issues in this case by addressing a form of relief for which Fedmet advocated in its Rule 56.2 motion. In particular, in its brief, Fedmet contended that CBP had exceeded its authority when determining that Fedmet's bricks constituted covered merchandise under EAPA, and should have referred the scope issue to Commerce pursuant to 19 U.S.C. § 1517(b)(4)(A). *See* Pl. MJAR at 41 ("{T}he controlling statute directs CBP to confer with Commerce to determine whether covered merchandise is within the scope of an order.") (citing 19 U.S.C. § 1517(b)(4)), ECF No. 31-1. The referral would address this issue, thereby narrowing the issues.

Also without merit is Fedmet's assertion that CBP is essentially misusing the covered merchandise referral as "an avenue for extending the enforcement of an affirmative evasion determination that it finds itself unable to defend on appeal." Pl. Br. at 5. Fedmet is simply wrong that CBP would burden the limited administrative resources of another agency with an unnecessary covered merchandise referral. Rather,

5

CBP finds that it is unable to finalize its remand redetermination without the assistance of Commerce. The EAPA statute provides that, if CBP "is unable to determine whether the merchandise at issue is covered merchandise," the agency "*shall*. . . refer the matter to {Commerce} to determine whether the merchandise is covered merchandise{.}" 19 U.S.C. § 1517(b)(4)(A) (emphasis added). Thus, the statute requires CBP to seek such assistance under the circumstances.

Fedmet also contends that "CBP wholly fails to explain why this need for a referral to Commerce was not apparent to CBP during the original EAPA proceeding or at the time of its previous motion for voluntary remand" because "{t}he CBP laboratory test results at issue have not changed." Pl. Br. at 6. On remand, however, the focus of the parties' arguments was which testing methodology used by CBP produces accurate results for purposes of determining whether the imported bricks are covered merchandise. Further, on remand, CBP conducted additional review of the test results in light of the arguments raised by Fedmet in its Rule 56.2 Motion. CBP found that the existing scope language and Commerce's past scope rulings do not provide clear guidance as to which, if any, of Fedmet's bricks are covered

6

merchandise.  With the benefit of the parties' arguments on remand, CBP determined that it could not, in its ministerial role, resolve the scope issue.  In any event, that CBP did not believe it was necessary to exercise its statutory authority during the investigation does not preclude it from doing so now in light of its need to finalize its remand redetermination.

Third, Fedmet contends that it would be prejudiced by a stay because the Federal Circuit has already determined that its Bastion MAC bricks are not covered by the AD and CVD orders on MCBs.  Pl. Br. at 2-3.  As discussed above, the Federal Circuit's *Fedmet* decision concerned whether Fedmet's Bastion MAC bricks fall within the scope of the AD and CVD orders on MCBs.  That 2014 decision is unrelated to the issues currently pending before the Court under EAPA — whether Fedmet evaded the AD and CVD orders by importing MCBs into the United States, since January 2019, that are not the Bastion MAC bricks that were at issue in *Fedmet*.

In support of its prejudice argument, Fedmet also contends that, since CBP imposed interim measures on May 6, 2020, Fedmet has been effectively barred from importing MAC bricks into the United States

7

due to the combined AD and CVD cash deposit rate on subject MCBs from China, which have made it commercially impossible for Fedmet to import MAC bricks during the pendency of the EAPA proceeding and this appeal. Pl. Br. at 2-3, 3-4, 8-9. The imposition of the cash deposit rate is authorized under EAPA (*see* 19 U.S.C. § 1517(d)(1)(D)), and, thus, cannot serve as a basis for an assertion of prejudice. Further, if Commerce finds that Fedmet's bricks are not covered by the scope of the AD and CVD orders, such cash deposits will be refunded to Fedmet. *See* 19 U.S.C. § 1520.

In fact, Fedmet's proposed course of action — insisting that the Court deny our motion to stay — serves only to delay resolution of this matter. In particular, Fedmet asks this Court to order CBP to file the remand determination no later than 21 days after the date of the Court's order denying our stay motion (*see* Pl. Br. at 1, 10) despite the fact that CBP cannot finalize its remand determination without Commerce's covered merchandise determination. Requiring CBP to file a remand determination that is not finalized will likely result in yet another remand to CBP — this time, a Court-ordered one, briefing by the parties on CBP's second remand redetermination, and potentially

8

oral argument before the Court renders a decision. And under this scenario, CBP will still be required to exercise its statutory authority to seek a covered merchandise referral from Commerce. Fedmet's proposal serves only to delay these proceedings and expend the Court's and the parties' resources while preventing CBP from addressing the open issue before it. In short, Fedmet's proposal defies common sense.

As we explained in our motion, a stay in this case would promote judicial economy, conserve judicial resources, and potentially narrow the issues because: (1) in the event Commerce determines that the bricks CBP tested are not subject to the AD/CVD orders, such an outcome may invalidate CBP's finding of evasion under EAPA; or (2) if Commerce determines that the bricks are covered by the orders, the issues requiring resolution in this case will likely be narrowed. Def. Stay Mot. at 6-7. We further explained that, under either scenario, staying this case until Commerce issues a covered merchandise determination will result in a significant conservation of both the Court's and the litigants' resources. *Id.* at 7 (citing *Jiaxing Bros. Fastener Co. v. United States*, 179 F. Supp. 3d 1156, 1160 (Ct. Int'l Trade 2016) (granting a stay because it could streamline the

proceeding, could "result in the dismissal of one or more" claims, and there was no evidence that "a stay will work any real hardship")).

Fourth, Fedmet contends that, by requesting a voluntary remand, we have conceded that CBP's original determination cannot be sustained. Pl. Br. at 4-5. Not so. We sought a voluntary remand without confessing error. *See* Def. Voluntary Remand Mot. at 5 (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position.")). And Fedmet did not oppose our remand motion. *Id.* at 1.

Finally, also without merit is Fedmet's contention that we are seeking to "indefinitely stay{} this action." Pl. Br. at 8. Again, 19 U.S.C. § 1517(b)(4)(A) requires CBP to seek a covered merchandise referral under the circumstances here. And the procedures and deadlines governing a covered merchandise referral are set forth in CBP's regulations. *See* 19 C.F.R. § 351.227(b)-(c). Far from seeking to

10

indefinitely stay this action, CBP is seeking to use all available administrative options to finalize the remand redetermination.[1]

## CONCLUSION

For these reasons, the United States respectfully requests that this Court stay this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General


s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Director

---

[1] In passing, Fedmet contends that interim measures "were imposed without notice and the opportunity to comment, contrary to Fedmet's right to due process{.}" Pl. Br. at 9. This Court has rejected this due process argument. *See Diamond Tools Tech. LLC v. United States*, 545 F. Supp. 3d 1324, 1341 (Ct. Int'l Trade 2021) (rejecting plaintiff's due process challenge to CBP's imposition of interim measures because "plaintiff has failed to demonstrate that a protected interest exists").

11

| OF COUNSEL: | s/ Antonia R. Soares |
|---|---|
|  | ANTONIA R. SOARES |
| TAMARI J. LAGVILAVA | Senior Trial Counsel |
| JENNIFER L. PETELLE | U.S. Department of Justice |
| Attorneys | Civil Division |
| U.S. Customs and Border Protection | Commercial Litigation Branch |
|  | P.O. Box 480 |
| Office of the Chief Counsel | Ben Franklin Station |
|  | Washington D.C. 20044 |
|  | Telephone: (202) 305-7405 |
|  | Antonia.Soares@usdoj.gov |
| June 3, 2022 | Attorneys for Defendant |