IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| FEDMET RESOURCES CORPORATION, | )<br>)<br>) |
| Plaintiff, | )    **NON-** |
| v. | )    **CONFIDENTIAL** <br>) |
| UNITED STATES, | )    Court No. 21-00248 |
| Defendant, | ) |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | ) |
| Defendant-Intervenor. | ) |

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff Fedmet Resources Corporation submits this response in opposition to the June 23, 2023 of Defendant, the United States, for a further 60-day extension of the July 3, 2023 due date for CBP to file its remand determination in this matter. Fedmet opposes Defendant's motion because of the continuing prejudice to Fedmet and its business operations caused by CBP's unjustified imposition of interim measures against Fedmet, which have effectively precluded Fedmet from

1

importing from China Bastion magnesia alumina carbon ("MAC") bricks since May 2020.

This action contests CBP's determination that Fedmet has evaded antidumping and countervailing duty orders on Magnesia Carbon Bricks ("MCBs") from *Certain Magnesia Carbon Bricks From Mexico and the People's Republic of China: Antidumping Duty Order*, 75 Fed. Reg. 57,257 (Sept. 20, 2010); *Certain Magnesia Carbon Bricks From the People's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 57,442 (Sept. 20, 2010) (hereinafter "the Orders"). CBP determined that Fedmet has evaded the Orders by importing subject merchandise and misclassifying the goods as non-subject Bastion MAC bricks. C.R. Doc. 103 at 9 (Appx01022); P.R. Doc. 115 at 8 (Appx01031).

On November 18, 2021 Fedmet filed its Motion for Judgment on the Agency Record in this action. In the motion and supporting brief, Fedmet argued, *inter alia*: that the record of CBP's investigation contained five sets of laboratory test results—four conducted by CBP and one by an outside laboratory retained by Fedmet—covering a total of 16 individual sample bricks; that CBP's final evasion determination discussed only one such test, covering four samples, all of which were

2

found to have alumina levels placing the merchandise outside the scope of the Orders; and that in total, [                    ] (and [        ] samples tested by CBP's own laboratory) had been found to have alumina levels placing them outside the scope of the orders.  ECF 32 at 62-63.

In response to Fedmet's motion and brief, on January 6, 2022 Defendant requested a voluntary remand in this action, to which Fedmet consented.  ECF 37.  In its motion for remand, Defendant averred that on remand CBP intended "to consider Fedmet's arguments related to the scope of the AD/CVD orders at issue and the chemical composition of its products."  *Id.* at 6.  The Court granted Defendant's motion and gave CBP 120 days, until May 6, 2022, to complete its remand determination.  ECF 38.

Rather than issue a remand determination within the generous deadline provided by the Court that addressed Fedmet's scope arguments, on April 27, 2022 CBP informed the Court that it was "unable to determine whether the subject merchandise falls within the relevant antidumping and countervailing duty orders," and that it was requesting a stay of this action in order to make a covered merchandise

3

referral the U.S. Department of Commerce pursuant to 19 U.S.C. § 1517 (b)(4)(A). ECF 39. Fedmet opposed the motion for stay on the grounds that Defendant had failed to explain with any particularity why CBP was unable to determine whether the bricks it tested are covered merchandise, and argued that Defendant's conclusory interest in seeking a stay was outweighed by Fedmet's interest in a timely resolution of this action. ECF 40. The Court nevertheless granted Defendant's motion. ECF 44.

Now, more than one year later, having received from Commerce the results of the covered merchandise referral, CBP evidently finds itself still unable to reach a determination as to whether the merchandise imported by Fedmet is subject to the Orders. Defendant explains that CBP regards Commerce's covered merchandise determination is "inconclusive," and therefore seeks still more time to complete its remand determination so that it can perform "additional testing of the samples at issue." ECF 45 at 2-3. Because the merchandise samples themselves have not been made part of the administrative record, it is unclear which samples CBP intends to test or what additional testing it intends to pursue.

But what is clear is that more than 19 months after Fedmet filed its motion for judgment, and more than *three years* after CBP imposed interim measures that effectively barred Fedmet from importing Bastion MAC bricks from China,[1] CBP is still unable to identify evidence in the record that supports its determination that Fedmet has evaded the Orders.  The ostensible purpose of Defendant's original remand motion was to allow CBP to respond to Fedmet's arguments that the record on which CBP based its determination of evasion failed to establish that Fedmet had imported covered merchandise.  CBP has now had ample time to do so.  CBP should not be permitted to extend indefinitely the enforcement of an affirmative evasion determination that it finds itself unable to defend on appeal.  If, after all this time, CBP still is unable to establish that the merchandise imported by Fedmet is covered by the Orders then there is no basis for continuing to impose a finding of evasion against Fedmet.  Accordingly, Fedmet respectfully requests that the Court deny Defendant's motion for a

---

[1] The combined AD and CVD cash deposit rate on subject MCBs from China is in excess of 260 percent *ad valorem*, making it commercially impossible for Fedmet to import MAC bricks from China into the United States during the pendency of the EAPA proceeding and this appeal.  *See* the Orders.

5

further extension of the remand deadline and that it order Defendant to forthwith submit a remand determination of CBP that either supports its determination of evasion with record evidence or else determines that Fedmet has not evaded the Orders.

Respectfully submitted,

/s/ R. Will Planert
R. Will Planert
Donald B. Cameron
Julie C. Mendoza
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

MORRIS, MANNING & MARTIN LLP
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 408-5153

*Counsel for Fedmet Resources Corporation*

June 28, 2023

6